UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHANDLER LANGEVIN, a
Councilman of the City of Palm Bay,
    Plaintiff,
v.                                                    Case No.:

CITY OF PALM BAY,
    Defendant.
_____/

## COMPLAINT

Plaintiff, CHANDLER LANGEVIN, a Councilman of the City of Palm Bay ("Plaintiff"), by and through undersigned counsel, sues Defendant CITY OF PALM BAY, and states:

### INTRODUCTION

1.    This is an action brought under the First Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for a claim of First Amendment retaliation. Defendant City of Palm Bay unlawfully punished Plaintiff in response to Plaintiff's expression of political viewpoints by removing his ability to speak during portions of city council meetings. Defendant's retaliatory actions violate Plaintiff's freedom of speech rights under the First Amendment of the United States Constitution.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

1

3. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in and Plaintiff's claims occurred in Brevard County, Florida.

## PARTIES

4. Plaintiff Langevin is a Councilman in the City of Palm Bay representing Seat 3 since 2024.

5. Defendant City of Palm Bay, with a population of over 150,000, is the largest city in Brevard County.

## FACTUAL ALLEGATIONS

6. In the summer of 2025, Plaintiff posted statements on the site X (formerly known as Twitter), criticizing immigration patterns into the United States and expressing his disappointment regarding the rate of assimilation to American culture by new immigrants upon entry.

7. In response to the controversy regarding Councilman Langevin publishing these views, the Palm Bay City Council sought to punish and limit his ability to speak at meetings through the passage of a Resolution which would remove his ability to speak or to add items to the city agenda for consideration.

8. At a meeting of the city council on November 16, 2025, the council passed on a 3-2 vote, Resolution 2025-41, a resolution which included three specific punishments. Resolution 2025-41 provides that:

> a) Prior to placing an item on the agenda for Council consideration, Councilmember Langevin must seek and receive the consensus of a majority of City Council;

b) Councilmember Langevin shall not speak during the Committee/Council Reports portion of the meeting, except to request the consensus of a majority of City Council to place an item on a future agenda;

c) Councilmember Langevin is immediately removed and not eligible for future appointments to any City of Palm Bay boards or committees.

*(Resolution 2025-41)*

9.  During the discussion of Resolution 2025-41, members of the city council stated multiple times during the debate that the purpose of the Resolution and its punishments was to limit Councilmember Langevin's ability to express his political views. The Resolution has had that effect; limiting his ability to speak and damaging his ability to be heard.

10. The resolution and its punishments took effect immediately upon its enactment on October 16, 2025, and is currently in effect. During the same October 16, 2025, meeting, and immediately upon passage of the Resolution, the Mayor of the City sought to apply its unlawful provisions against Plaintiff, requesting that he seek a majority consensus of the other councilmen before speaking on an item.

### *Censure Allowed Only When It Is A Non-Punitive Measure*

11. Although a city council may pass a censure motion against a council member, the inclusion of punishments such as limitations on the ability to speak raises significant constitutional concerns under the First Amendment and are unlawful. *See Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 478 (2022) ("The First Amendment surely promises an elected representative ... the right to speak freely on questions of government policy.") The Supreme Court has recognized

3

censure as a permissible action by elected bodies to express disapproval of a member's conduct, provided it does not involve other forms of punishment. In *Houston Community College System v. Wilson*, the Court held that a censure motion addressing a member's conduct did not violate the First Amendment because it was a form of argument and counterargument within the scope of the elected body's duties; however, this case explicitly distinguished censure from punitive measures such as expulsion or exclusion, which were not at issue. *See McGill v. MacFarlane*, 727 F. Supp. 3d 1268, 1283 (M.D. Fla. 2024) ("Moreover, courts have long been reluctant to classify the speech of elected officials as unprotected.

### *First Amendment Considerations for Speech Limitations*

12. City council meetings are considered limited public forums, where speech restrictions must be reasonable and viewpoint neutral. In *McDonough v. Garcia*, the Eleventh Circuit clarified that city council meetings are limited public forums because they restrict speech to specific topics pertinent to the city. In such forums, the government may impose restrictions on speech, but those restrictions must not discriminate based on viewpoint and must be reasonable in light of the forum's purpose. *McDonough v. Garcia*, 116 F.4th 1319 (11th Cir. 2024).

**COUNT I – 42 U.S.C. § 1983, Violation of First Amendment, as applied to the states under the Fourteenth Amendment**
**(First Amendment Retaliation)**

13. Plaintiff incorporates by reference Paragraphs 1–12 of this Complaint as though fully set forth below.

4

14. Pursuant to 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

15. Plaintiff's conduct and speech is protected by the First Amendment to the United States Constitution.

16. Defendant knew that Plaintiff was engaged in protected speech and expression as referenced herein and all or some of Defendant's agents have conceded as such while operating within the course and scope of their employment or agency.

17. Defendant passed Resolution 2025-41 to punish Plaintiff and expressly to limit his ability to speak, because he exercised his First Amendment rights on political topics. Defendant's actions against Plaintiff constitute First Amendment retaliation and unconstitutional content discrimination.

18. Defendant and its agents punished Plaintiff and limited his speech because they classified his viewpoints as controversial, offensive, and as views that needed to be censored. Defendant's actions against Plaintiff constitute unconstitutional viewpoint discrimination.

19. As a direct and proximate result of the violations of 42 U.S.C. § 1983,

as referenced and cited herein, Plaintiff has been substantially deprived of the benefits and privileges of his constitutional rights, the rights of his city council office, and he has been substantially and significantly injured in his ability to legislate and debate.

20.     As a direct and proximate result of the violations of 42 U.S.C. § 1983, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole, including, but not limited to, immediate injunctive relief.

## PRAYER FOR RELIEF

For these reasons, Plaintiff requests that this Court enter judgment against Defendant and issue the following relief:

I.      Declare that Defendant's actions against Plaintiff violate his rights under the First Amendment and constitute retaliation;

II.     Enter a preliminary and permanent injunction voiding Resolution 2025-41 and all relevant actions of Defendant.

III.    Award Plaintiff appropriate compensatory damages;

IV.     Award Plaintiff appropriate punitive damages;

V.      Award reasonable attorney's fees and costs under 42 U.S.C. § 1988 and;

VI.     Award such other relief as Plaintiff is entitled to and that the Court may deem just and proper or that is necessary to make the Plaintiff whole.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury as to all issues triable of right.

**DATED**: October 20, 2025

                                            Respectfully submitted,

                                            */s/ Anthony F. Sabatini*
                                            ANTHONY F. SABATINI, ESQ.
                                            FL BAR No. 1018163
                                            anthony@sabatinilegal.com
                                            SABATINI LAW FIRM, P.A.
                                            1601 E. 1st Ave.
                                            MOUNT DORA, FL 32757
                                            T: (352)-455-2928
                                            Attorney for Plaintiff